[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2246

 THE NATIONALIST MOVEMENT,
 Mississippi Non-Profit Corporation,

 Plaintiff, Appellant,

 v.

 CITY OF BOSTON, MASSACHUSETTS,
 A Massachusetts Municipal Corporation,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.

 Richard Barrett on brief for appellant.
 Merita A. Hopkins, Corporation Counsel, and Krisna M. Basu,
Assistant Corporation Counsel, City of Boston Law Department, on
brief for appellee.

September 2, 1999

 Per Curiam. Appellant The Nationalist Movement
appeals from the denial of its application, filed under 42
U.S.C. 1988, for an award of attorney's fees for legal work
performed by Richard Barrett, Esq. and for certain costs
incurred by Barrett during the course of the litigation below. 
The Movement also requests that oral argument be waived. We
grant this request and, after reviewing the record and the
parties' briefs, find that the district court did not abuse its
discretion in denying the application for fees and costs.
 1. The language of Local Rule 83.5.3(b), which
governs pro hac vice admissions in the Massachusetts district
court, provides that "[a]n attorney . . . may appear and
practice in [the district] court in a particular case by leave
granted in the discretion of the court." Under this rule, an
attorney who lacks pro hac vice status may be viewed as being
on the same footing as a non-lawyer. Such a layperson, of
course, is not entitled to 1988 fees. See Kay v. Ehrler, 499
U.S. 432, 435 (1991). Thus, an attorney like Barrett, who
engages in legal activities without having been admitted pro
hac vice, accepts the risk that if his or her application for
admission is denied, 1988 fees will not be forthcoming.
 Further, we think that the decision to bar Barrett
from representing the Movement in the case because of ethical
concerns is a sufficiently "special circumstance" to support
the denial of 1988 fees to Barrett. That is, the purpose of
 1988 "to enable potential plaintiffs to obtain the
assistance of competent counsel in vindicating their rights,"
Kay, 499 U.S. at 436 would not be furthered by awarding fees
to such an attorney. In any event, the Movement was
represented by qualified counsel during most of the litigation
and the court awarded attorney's fees for the services these
lawyers had provided.
 2. As for the Movement's 1988 request for certain
costs expended by Barrett, we affirm the district court's
denial of the request essentially for the reasons set out in
the court's Statement of Reasons, dated August 10, 1999.
 The judgment of the district court is affirmed.